## POLLY TARLETON, *administratrix, vs.* WINTHROP WELLS.

In debt upon a bond with condition for the payment of money on a particular day, the defendant alleged in his plea that he paid the money at the day, but in his rejoinder he alleged that he paid the money after the day, and that it was accepted in full satisfaction : this was held to be a departure.
Departure in pleading is matter of substance.
Duplicity in pleading and also a conclusion with a verification, where the conclusion ought to be to the country, are only matters of form.

THIS was an action of debt upon a bond. The defendant craved oyer of the bond, which was dated July 3, 1809, and executed by *Samuel Wells,* as principal, and *Daniel Eaton* and *Winthrop Wells,* as sureties, who thereby acknowledged themselves indebted to *William Tarleton,* the plaintiff's intestate, in the sum of $5,000. The defendant also craved oyer of the condition, which was as follows. " The condition of the " above obligation is such that if the said *Samuel Wells,* who " is appointed by the said *William Tarleton* a deputy sheriff " of the said county, shall well and faithfully discharge and " perform all the duties of a deputy sheriff, and if the said " *S. W., D. E., W. W.,* their heirs, &c. shall indemnify and " save harmless the said *W. T.* from all damage, costs and

" trouble that may happen to him in consequence of the ap-
" pointment of the said *S. W.* to said office, and if the said
" *S. W.* shall at the expiration of every six months hereaf-
" ter during his continuance in said office under the said *W.*
" *T.* render, under oath if required, a true and just account
" of all services by him done and performed in said office,
" and of the monies he has received and is entitled to re-
" ceive therefor, and shall pay to him the said *W. T.* two fifth
" parts of all such monies at the times of his exhibiting his
" account as aforesaid, and shall also attend during the whole
" term of each session of the superior court and court of
" common pleas holden within said county of Grafton, and
" render all reasonable and required assistance to said *Tarle-*
" *ton* in the discharge of the duties of the office of sheriff,
" then," &c.

The defendant then pleaded in bar, " that the said *Samuel*
" *Wells* did from time to time, &c., during the time of his
" being in said office, &c. well and faithfully discharge and
" perform all the duties of a deputy sheriff, and has indem-
" nified and saved harmless the said *W. T.* from all dama-
" ges, cost, and trouble, that happened to him in consequence
" of said appointment, &c.; and did, at the expiration of
" every six months after the date of the bond during his con-
" tinuance in said office, &c. render under oath, when there-
" to required, a true and just account of all services by him
" done and performed in said office and of the monies he
" had received and was entitled to receive therefor, and did
" pay over to the said *W. T.* two fifth parts of all such mon-
" ies at the time of his exhibiting his account as aforesaid
" and did attend during the whole of each session of the su-
" perior court," &c.

The plaintiff replied, " that from the said third day of
" July, 1809, to the 28th May, 1813, the said *Samuel Wells*
" was and continued to be a deputy sheriff under the said
" *W. T.*; yet the said *Samuel Wells*, though thereto request-
" ed, did not, at the expiration of six months from the said
" third day of July, 1809, and at the expiration of every six
" months thereafter during the said *Samuel Wells'* continu-

" ance in said office, render to said *William* a just and true
" account of all the services by him the said *Samuel* done
" and performed in said office and of the monies he the said
" *Samuel* had received and was entitled to receive therefor,"
and concluded with a verification.

The defendant rejoined, " that after the said *Samuel Wells*
" ceased to be a deputy sheriff under the said *W. T.*, &c.
" viz. on the first day of December, 1813, the said *Samuel*
" *Wells* did render to the said *W. T.* a just and true account
" of all services done and performed by the said *Samuel* in
" said office under the said *W. T.* and of the monies the
" said *Samuel* had received and was entitled to receive
" therefor, and did pay to the said *W. T.* two fifth parts of
" all the said monies to the acceptance of the said *W. T.* in
" full satisfaction of all claims of said *W. T.* for monies
" received by or accruing to the said *S. W.* for services
" done by him in the office of deputy sheriff under said *W.*
" *T.*" ; and concluded with a verification.

To this rejoinder, the plaintiff demurred, and the defend-
ant joined in demurrer.

RICHARDSON, C. J.   The defendant alleges in his plea
that he rendered an account and paid over all monies at the
times specified in the condition of the obligation ; but in his
rejoinder he alleges that after the time specified in the con-
dition of the obligation, he rendered an account and paid
over all monies, &c.   It is objected by the plaintiff, that the
rejoinder is a departure from the plea.   A departure in
pleading is said to be when a man quits or departs from one
defence which he has first made, and has recourse to anoth-
er ; it is when his second plea does not contain matter pursu-
ant to his first plea, and which does not support and fortify
it.(1)   The rendering of an account, and the payment of
money at the times specified in the condition of the bond, is
one thing ; the rendering of an account, and the payment of
money after the day specified, is another thing.   The matter
of the plea is neither supported nor fortified by the matter
of the rejoinder.   There is, therefore, most unquestionably
a departure.   A departure in pleading is matter of sub-
stance, and the rejoinder must be adjudged insufficient.(2)

(1) Co. Litt.
304, a.

(2) 2 Saund. 84,
d.

The replication in this case has its defects. It is double, and concludes with a verification, when it ought to have concluded to the country. But these are defects in form only, and are cured by the rejoinder. 1 *Chitt. Pl.* 647, 540.

*Judgment for the Plaintiff.*